IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWAYNA CARROLL, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | 22-902 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITEDHEALTH GROUP, INC., | ) | |
| OPTUM 360 SERVICES | ) | |
| and LATROBE AREA | ) | |
| HOSPITAL, INC. D/B/A EXCELA | ) | |
| HEALTH LATROBE HOSPITAL, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, SHAWAYNA CARROLL, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and files this Complaint in a Civil Action, as follows:

JURISDICTION AND VENUE

1. This is an action to redress the deprivation by the Defendants of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination in her employment, which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (as amended) ("Title VII"), the Civil Rights Act of 1991 (as amended). Declaratory relief is sought under, and by virtue of, Title 28 U.S.C. §§s2201 and 2202.

2. Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and 1343(3), and by Title 42 U.S.C. §2000e.

3. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff resides in the Western District of Pennsylvania.

4. Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

    a. Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on or about June 3, 2021, and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

    b. Plaintiff received a Notice of the Right to Sue issued by the EEOC on March 29, 2022 and;

    c. Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

## PARTIES

5. Plaintiff, Shawayna Carroll, is an African-American female who resides in Allegheny County, Pennsylvania.

6. Defendant, UnitedHealth Group, Inc. ("UHG"), is a business corporation with business addresses of 9900 Bred Road East, Minnetonka, MN 55343 and P.O. Box 1459, Minneapolis, Minnesota 55440.

7. Defendant, Optum360 Services ("Optum360"), is a division of Defendant UHG, with business addresses of 9900 Bren Road East, Minnetonka Minnesota 55242 and P.O. Box 1459, Minneapolis, Minnesota 55440.

8. Defendant, Latrobe Area Hospital, Inc. d/b/a Excela Health Latrobe Hospital ("Latrobe"), is a business corporation with a business address of 1 Mellon Way, Latrobe, Pennsylvania 15650.

9.  At all times relevant hereto, Defendants were acting though their partners, directors, agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

## FACTUAL ALLEGATIONS

10. Plaintiff was employed by the Defendants, at Defendant Latrobe's business location, from December of 2019 until her constructive discharge on or about June 1, 2021. At the time of the Plaintiff's constructive discharge, Plaintiff held the position of Patient Access Coordinator.

11. During the Plaintiff's employment with the Defendants, Plaintiff was the only African-American employee in her department.

12. Throughout her employment by the Defendants, Plaintiff suffered from harassment and a hostile work environment based on her race, African-American.

13. In or about early March of 2020, Plaintiff's supervisor, Tamara Peterson ("Peterson"), a Caucasian female, alleged that the Plaintiff was "not a team player" and "unfriendly."

14. At that time, Ms. Peterson told the Plaintiff to "try to fit in."

15. Plaintiff believes, and therefore avers, that Ms. Peterson made these false allegations and statements, as described hereinbefore above, based on the Plaintiff's race, African-American.

16. Plaintiff believes, and therefore avers, that Ms. Peterson did not make similar comments and/or statements to similarly situated, Caucasian employees of the Defendants.

17. In or about July of 2020, Defendants hired a Caucasian employee, Tina Marinchak ("Marinchak").

18. Ms. Marinchak was verbally hostile toward the Plaintiff on several occasions.

19. Ms. Marinchak was not hostile toward any Caucasian employees.

20. Ms. Marinchak would also move the Plaintiff's personal items without the Plaintiff's permission.

21. Plaintiff believes, and therefore avers, that Ms. Marinchak harassed and expressed hostility toward the Plaintiff on the basis of the Plaintiff's race, African-American.

22. Plaintiff made numerous complaints about Ms. Marinchak's ongoing harassment and hostility to her supervisor, Ms. Peterson, and other managers, including, but not limited to Lyndsay Rhome ("Rhome"), and Samantha Kowalik ("Kowalik").

23. Plaintiff reported to Ms. Peterson, Ms. Rhome and Ms. Kowalik that she believed that Ms. Marinchak's hostility and harassment were based on the Plaintiff's race, African-American.

24. On one such occasion, Ms. Kowalik, admitted to the Plaintiff that Ms. Marinchak's harassment and hostility toward the Plaintiff was racially motivated.

25. Despite that Plaintiff's multiple complaints of harassment and a racially hostile work environment, Ms. Marinchak was not disciplined or reprimanded in any way by the Defendants.

26. Plaintiff believes, and therefore avers, that Defendants' inaction in this regard perpetuated a racially hostile work environment.

27. On or about March 16, 2021, Plaintiff and her child were required to quarantine due to a possible exposure to COVID-19 from a teacher.

28. On March 23, 2021, a Caucasian employee, Susan Keefe ("Keefe"), told the Plaintiff that it was "unfair to the rest of the staff that [the Plaintiff] could not fill-in or stay later because [the Plaintiff] has a child" and that "everyone has issues with this."

29. Ms. Keefe did not make similar comments, as described hereinbefore above, to other similarly situated Caucasian employees.

4

30. Plaintiff believes, and therefore avers, that Ms. Keefe made these comments on the basis of Plaintiff's race, African-American.

31. Thereafter, Plaintiff reported Ms. Keefe's comments to Ms. Kowalik. Plaintiff also reported to Ms. Kowalik that she believed that Ms. Keefe's comments were racially motivated.

32. On or about March 25, 2021, another employee, John Deloach ("Deloach"), informed the Plaintiff that Ms. Marinchak and Alyssa Stemler ("Stemler"), another Caucasian employee, had called the Plaintiff's child's school to confirm that a teacher had COVID-19 at the time that the Plaintiff was quarantined, as more fully described hereinbefore above at Paragraph 27.

33. Mr. Deloach further informed the Plaintiff that Ms. Marinchak had stated to him that the Plaintiff "can only get away with calling off because [she is] Black."

34. On or about March 26, 2021, Plaintiff reported Ms. Marinchak and Ms. Stemler's conduct and statements, as more fully described hereinbefore above at Paragraphs 32 and 33, to Ms. Kowalik and Ms. Rhome.

35. At the request of Ms. Kowalik and Ms. Rhome, Plaintiff confirmed that an individual from the Defendants' place of business had called to confirm that a teacher at the Plaintiff's child's school had COVID-19.

36. Defendants in no way reprimanded or disciplined Ms. Marinchak and/or Ms. Stemler for their above-described actions.

37. On or about April 9, 2021, due to overwhelming stress, anxiety, harassment, discrimination and the Defendants' racially hostile work environment, as aforementioned, Plaintiff was forced to take a leave of absence.

5

38. Plaintiff was never contacted by the Defendants about her multiple complaints of racial discrimination, harassment, discrimination and a racially hostile work environment, as more fully described hereinbefore above.

39. On or about June 1, 2021, Plaintiff was constructively discharged.

40. Plaintiff believes, and therefore avers, that she was harassed, subjected to a racially hostile work environment and discriminated against by the Defendants based on her race, African-American.

41. Plaintiff believes, and therefore avers, that the Defendants' conduct is part of a plan, pattern or practice of discrimination that may affect other similarly situated individuals.

42. As a direct and proximate result of the Defendants' actions, as more fully described hereinbefore above, Plaintiff has been adversely affected financially, professionally and emotionally.

## COUNT I:

## TITLE VII – RACE DISCRIMINATION

43. Plaintiff incorporates by reference Paragraphs 1 through 42 as though fully set forth at length herein.

44. As described hereinbefore above, Plaintiff was harassed, subjected to a racially hostile work environment and discriminated against based upon her race, African-American. Defendants had knowledge of the harassment, racially hostile work environment and discrimination and failed to take any action.

45. As a direct result of the Defendants' discriminatory actions and violations of Title VII of the Civil Rights Act of 1964, and The Civil Rights Act of 1991, the Plaintiff has lost wages and other economic and professional benefits of the position of Adult Probation Officer/Court

Liaison. The Plaintiff has also incurred counsel fees and other costs in pursuing her legal rights.

46. The Plaintiff has also suffered emotional, psychological, and physical distress, inconvenience, suffering, loss of reputation, humiliation and embarrassment as a direct result of the Defendants' discriminatory conduct, as described above.

47. The actions of the Defendants, through their employees, were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

48. The actions on part of the Defendants are part of a plan, practice or pattern of discrimination which may affect others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

b. that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c. that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant violation of the Civil Rights Act of 1991;

d. that the Court order the Defendant to award the Plaintiff the position she applied to before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendant's discriminatory conduct;

e. that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

f. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

  g.  that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

## COUNT II:

## PENNSYLVANIA HUMAN RELATIONS ACT

49. Plaintiff incorporates Paragraphs 1 through 48 as though fully set forth at length herein.

50. This is an action arising under the provisions of Pennsylvania law, to wit, Title 43 P.S. Section 951, et seq. (The "Pennsylvania Human Relations Act") and this Court has, and should exercise, pendent jurisdiction over the same because the cause of action complained of in this Count arises out of the same facts, events and circumstances as the other counts and therefore judicial economy and fairness to the parties dictate that this count be brought in the same Complaint.

51. As described hereinbefore above, Plaintiff was harassed, subjected to a racially hostile work environment and discriminated against based upon her race, African-American. Defendants had knowledge of the harassment, racially hostile work environment and discrimination and failed to take any action.

52. By discriminating against the Plaintiff without just cause or legal excuse and solely because of her race and/or age, and by permitting the discrimination against the Plaintiff as aforementioned, the Defendants have violated the provisions of Title 43 P.S. Section 955 which prohibits discrimination based upon her race and age with respect to compensation for, continuation in and tenure of, employment as well as prohibiting the aiding and abetting of such discrimination.

53. As a direct result of the Defendants' discriminatory actions and violations of the PHRA, the Plaintiff has lost wages and other economic and professional benefits of the position of Adult Probation Officer/Court Liaison. In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights. The Plaintiff has also suffered from and continues to suffer emotional distress, inconvenience, humiliation, defamation of character, loss of standing among her peers and stress.

54. As more fully set forth hereinabove, the Plaintiff has suffered, directly and solely as a result of the Defendants' discriminatory actions, great pecuniary loss and damage, as well as pain, suffering, inconvenience, damage to Plaintiff's reputation, and other damages which, together with the forgoing may be permanent in nature. Plaintiff now suffers these damages, and will continue to suffer the same for the indefinite future.

55. The actions on the part of the Defendants, through its employees, were intentional and willful and/or done with a reckless disregard of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative the PHRA

b. that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendants' unlawful conduct plus interest from the date of discrimination;

c. that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendants' actions being unlawful and violative of the PHRA;

d. that the Court award the Plaintiff pre-judgement and post-judgement interest from the date of the discrimination;

e. that the Court award the Plaintiff reasonable attorney's fees and costs of this action; and

9

    f.    that the Court grant the Plaintiff such additional relief as may be just and proper.

                              JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

<u>s/ Joel S. Sansone</u>
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: June 16, 2022